**CONTINENTAL SOUTHERN LINES, INC.**

v.

**UNITED STATES of America**
and
*the Interstate Commerce Commission;*
Intervenor,
Greyhound Lines, Inc.

**Civ. A. No. 11310.**

United States District Court
W. D. Louisiana,
Alexandria Division.

Jan. 4, 1967.

Stafford & Pitts, Alexandria, La., D. Paul Stafford, Dallas, Tex., Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., for plaintiff.

Edward L. Shaheen, U. S. Atty., Shreveport, La., Donald F. Turner, John H. D. Wigger, U. S. Dept. of Justice, Washington, D. C., Robert W. Ginnane, Nahum Litt, Interstate Commerce Commission, Washington, D. C., for defendants.

Gold, Hall & Skye, Alexandria, La., Singer & Hardman, Chicago, Ill., for intervenor.

Before WISDOM, Circuit Judge, and DAWKINS and HUNTER, District Judges.

EDWIN F. HUNTER, Jr., District Judge:

On September 23, 1963, plaintiff filed application for a certificate of public convenience and necessity under Section 207 of the Interstate Commerce Act (49 U.S.C.A. § 307). This request seeks a certificate authorizing operations, in interstate or foreign commerce, as a common carrier by motor vehicle of:

Passengers and their baggage, and express and newspapers in the same vehicle with passengers, between Scooba, Miss., and junction of Alabama Highway 2 and U. S. Highway 82, in Alabama:

From Scooba over Mississippi Highway 16 to the Mississippi-Alabama State Line, thence over Alabama Highway 30 to its junction with Alabama Highway 17, thence over Alabama Highway 17 to its junction with Alabama Highway 116, thence over Alabama Highway 116 to Gainesville, Ala., thence over Alabama Highway 39 to Clinton, Ala., thence over Alabama Highway 51 to its junction with Alabama Highway 2, and thence over Alabama

Highway 2, to its junction with U. S. Highway 82 (near Coker, Ala.) and return over the same route, serving all intermediate points.

The Joint Board recommended a grant of the application. Upon consideration of exceptions filed by Greyhound, the Commission (Operating Rights Review Board No. 1) denied the application, thus reversing the Joint Board's recommendation. The Commission specifically concluded:

"We find that applicant has failed to establish that the present and future *public convenience and necessity* require the proposed operation, and that the application should be denied."

Having exhausted its remedies before the Commission, plaintiff filed this complaint which is in effect an appeal from the Commission's decision.[1]

 Continental vigorously attacks the denial of the application on the grounds that it is not bottomed and supported by substantial evidence, viewing the record as a whole. Universal Camera Corp. v. N. L. R. B., (1951), 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456. This position is joined with and partially

rests upon the claim that the Commission failed to comply with the requirements of the Interstate Commerce Act[2] and the Administrative Procedure Act[3] as to a statement of findings, conclusions and reasons for its decision. Giving color to this argument is the fact that the Commission, while adopting the statements of fact of the Joint Board, rejected their recommendation and reached a directly contrary result. Here, the Joint Board and the Commission do not disagree as to the facts, but only as to the conclusions to be reached from those facts. The Commission was not bound to a choice of the Joint Board's conclusions if those of the Commission had substantial evidentiary support in the record.[4] The Commission is the body charged with the responsibility of decision[5] and is not only at liberty, but is required, to reach its own conclusions upon the evidence. Federal Radio Commission v. Nelson Brothers Bond and Mortgage Company, 289 U.S. 266, 53 S.Ct. 627, 77 L.Ed. 1166; T. S. C. Motor Freight Lines, Inc. v. United States, D. C., 186 F.Supp. 777. In the instant case the Commission accepted the material findings of fact of the Joint Board, modified and restated them, and elaborated its own conclusions

1. The complaint is for review by a statutory three-judge court. 28 U.S.C.A. § 1336, 1398, 2284, 2321–2325; Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq.

2. "(1) Whenever an investigation shall be made by said Commission, it shall be its duty to make a report in writing in respect thereto, which shall state the conclusions of the Commission, together with its decision, order, or requirement in the premises; and in case damages are awarded, such report shall include the findings of fact on which the award is made." Interstate Commerce Act, § 14(1), 49 U.S.C. § 14(1).

3. "All decisions * * * shall * * * include a statement of (1) findings and conclusions, as well as the reasons or basis therefor, upon all the material issues of fact, law, or discretion presented on the record; and (2) the appropriate rule, order, sanction, relief, or denial thereof." Administrative Procedure Act, § 8(b), 5 U.S.C. § 1007(b).

4. Sinett v. United States, 136 F.Supp. 37, 40 (D.N.J.1955); Norfolk Southern Bus Corp. v. United States, 96 F.Supp. 756, 758 (E.D.Va.1950). We also note that the Administrative Procedure Act, § 8(a), 5 U.S.C. § 1007, provides that on appeal from or review of the initial decisions of hearing officers, the agency shall, with an exception not applicable here, "have all the powers which it would have in making the initial decision."

5. § 207(a) of the Interstate Commerce Act, 49 U.S.C.A. § 307(a), provides: " * * * a certificate [of public convenience and necessity] shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is found that the applicant is fit, willing, and able properly to perform the service proposed * * * and that the proposed service * * * is or will be required by the present or future public convenience and necessity; otherwise such application shall be denied * * *."

and reasons therefor. In assaying the substantiality of the evidence supporting the Commission's action, ours is the limited task of determining whether the conclusions of the Commission find support in the record as a whole.

The Commission long ago set the criterion for the issuance of a certificate of public convenience and necessity. The rule may be stated as follows:

" * * * The question in substance is whether the new operation will serve a useful public purpose responsive to a public demand or need; and whether this purpose can and will be served by applicant with the new operation or service proposed without endangering or impairing the operation of existing carriers contrary to the public interest."

The Commission, in the instant case, applied the above criterion and found (1) that the evidence of record failed to reveal any material deficiencies in existing service sufficient to justify the proposed operation; (2) that the proposed operations would not produce any substantial increase in the use of passenger or express service; (3) that Greyhound was able to handle additional passengers and meet the reasonable requirements of the supporting shippers; (4) that the additional convenience of persons residing on or near the proposed route must be measured against the effect the institution of the proposed service would have on existing transportation service, and (5) that a grant of the application would result in the introduction of a single-line operation between Meridian and Tuscaloosa in competition with Greyhound whose service has not been shown to be either inadequate or unsatisfactory. (99 M.C.C. 793–794).[6]

An examination of the record discloses that the Commission explained the application, described the areas involved, the applicant's position, and the intervenor's position. Then, it reviewed the evidence in the light of applicant's proposed service and the service afforded by intervenor and drew its conclusions. From this detailed review and summary, the Commission concluded that the application should be denied.

Our function is limited to determining whether the Commission's order is within the range of its statutory authority and is predicated upon adequate findings supported by substantial evidence,[7] and while we consider the Joint Board's recommendation in determining substantiality, our determination is made on the record as a whole.[8] Tested by these considerations plaintiff's contentions must fail. To indulge in repetition of the Commission's findings, or large segments thereof, would unnecessarily lengthen this opinion. It suffices to quote the last three paragraphs:

"In our opinion, applicant has failed to show a need for the proposed service. Applicant has the burden of establishing by clear and convincing evidence that available carriers cannot or will not meet a substantial public demand or need. The public witness support arises from a desire for single-line transportation. Although present service is not as convenient as that proposed by applicant, we do not believe that the evidence of record re-

6. The Commission, (Operating Rights Review Board No. 1) concisely set forth its findings and conclusions on 99 M.C.C. 789, at pages 792 and 793. These findings are fully supported by the record and we adopt them as our own.

7. United States v. Pierce Auto Freight Lines, 327 U.S. 515, 535–536, 66 S.Ct. 687, 90 L.Ed. 821 (1946); Rochester Telephone Corp. v. United States, 307 U.S. 125, 139–140, 59 S.Ct. 754, 83 L.Ed. 1147 (1939); Interstate Commerce Comm'n v. Union Pacific Railroad Co.,

222 U.S. 541, 547–548, 32 S.Ct. 108, 56 L.Ed. 308 (1912). See also Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282, 286–287, 54 S.Ct. 692, 78 L.Ed. 1260 (1934).

8. Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 492–497, 71 S.Ct. 456, 95 L.Ed. 456 (1951); Federal Communications Comm'n v. Allentown Broadcasting Corp., 349 U.S. 358, 564–565, 75 S.Ct. 855, 99 L.Ed. 1147 (1955).

veals any material deficiencies in existing service sufficient to justify the operations proposed herein. The public witnesses in support of the application use bus service infrequently. Moreover, we are not convinced that the proposed operation would produce any substantial increase in its use.

"Although the public is normally entitled to the best available transportation facilities, the additional convenience of persons residing adjacent to or in the immediate vicinity of the proposed route must be measured against the effect such facilities would have on existing transportation service. Protestant is able to handle additional passengers and meet the reasonable transportation requirements of the supporting shippers. We conclude, therefore, that applicant has failed to meet its burden of proof, and that no public need has been shown for the service proposed. To grant the application would merely result in the introduction of a single-line operation between Meridian and Tuscaloosa in competition with a carrier whose service has not been shown to be either inadequate or unsatisfactory.

"We find that applicant has failed to establish that the present and future public convenience and necessity require the proposed operation, and that the application should be denied.

"An appropriate order will be entered."

We conclude that the requirements of the Administrative Procedure Act, 5 U.S.C.A. § 1007(b), for a statement of findings and conclusions, as well as the reasons or basis therefor, have been fully met. The conclusions of the Commission find support in the record as a whole. There is nothing before us to suggest that the Commission abused its discretion, or that it did not weigh amply the claims supporting the petition. For these reasons, the relief prayed for in the complaint is denied and plaintiff's cause of action is dismissed.